Good morning, your honors. Philip Bronson for the appellate, Mr. Criscione. I would like to address briefly the argument about vindictiveness and the government's contention that the sentence that was imposed, including the 800 hours of community services, was not as severe or more severe than the one that was originally imposed. And the government's argument is that because the defendant essentially traded one year of supervised – the defendant traded one year of imprisonment for two years of supervised release and 800 hours of community service, it seems to me the government's essential claim is that there was a fair trade for the one year of imprisonment for the two years of supervised release. But going back to the revocation sentencing itself, the probation office sent a sentencing consideration in which they noted that the violation for supervised release in this particular case called for three to nine months under the guidelines, three to nine months' time in the – in prison. If the judge had ordered – and at the sentencing hearing, defense counsel urged that guidelines of three months. And our argument is that the three months – the defendant here should have been sentenced to the three months, the low term of the guidelines of three months, and therefore, if he had, there would be no fair exchange here. Instead, are you saying that the trial judge was in error in not accepting the urging of appellant's counsel to impose three months as a revocation sentence and committed an error in saying one year? Yes. What was the error? He committed – he sentenced him to two years. Following – Right. The supervised – following revocation of supervised release, the district court judge sentenced him to two years. And our argument on that appeal was that the judge had not properly considered all of the sentencing guidelines. But that was – and your appeal won, and he came back for resentencing. Okay. And why don't we talk about what happened after you won your appeal? Well, my argument is that in the – this sentence here has to be taken in context. That – What is it you're complaining about? Well, the original complaint in this – in this appeal is that after – after the initial sentence, there was no – there was no 800 hours of community service. No, but he cut back on his jail time, right? And he cut back on the jail time of 800 hours. Of one – there was one year left to go. One year left to go, so he doesn't have to spend another year in prison. He's got 800 hours of community service. But our argument is that at the – at that – the first time, the judge incorrectly sentenced him to two years imprisonment. He should never have received two years. I don't see how you're going to get anywhere where you're going with that. I know you – we have to have the background. But here, now the judge – you're before the judge. The government says we want a request sentence of one year, time served, with two years of further supervision. And the judge says, okay, two years of further supervision with 800 hours of community service. And you're saying 800 hours is presumed vindictive? Is that your position? Yes, I'm saying – I looked over the sentencing transcript, and then they said the – something like upon the defendant being exonerated, the defendant would be discharged from custody. I suppose that means when he finishes the supervision. And everybody said, thank you, Your Honor, including the defendant. And I – reading this, I got the feeling everybody was kind of happy with that. And I know that the judge did not have to accept either one of those – the U.S. attorney's recommendation. He didn't the first time, as a matter of fact. So it's hard for you to tell me what we should do with this case. What do you think? Tell me what you want us to do. We would like the 800 hours of community service struck from the judgment. You got any case that says we should do that? If it was vindictive – if it was a vindictive sentence, there's cases. The government argues that there's no vindictiveness at this sentence. Do you know how many hours you would have spent in jail if he had done an extra year? I just did the mathematics. It would be 8,760 hours, right? Now, that's 10 times more than 800 hours of community service. But I'm saying – Do you think it's vindictive to give him 800 hours of community service, rather than have him do 8,760 hours in jail? Granted, he'd probably be asleep one-third of the time. Right. If he had followed the sentencing guidelines, instead of the two-year sentence, he should have had a three-month sentence. That's what – He didn't have discretion to impose a one-year sentence? Well, he imposed a two-year sentence. The defendant served one year of it. So there was one year left in exchange for that one year that was left. Our argument is that there should never have been – I don't have any authority for it, but arguing that there should not have been one year left to go, he should have had three months or a maximum of nine months, and then there would have been nothing to exchange. That's just in terms of equity. On that, I would submit, unless there's any further questions. What about the last point, counsel? Sorry, Your Honor. What about the counsel's last point that when the two-year sentence had been found to be erroneous and reversed on appeal and remanded for resentencing, guidelines should have been three to nine months, and they shouldn't have even considered one year in – or the remaining one year in prison in calculating the 800 hours? We note with respect to that that the sentence, in fact, wasn't reversed because it was found substantively in error. It was reversed because the district court had failed to state reasons under McBell. So it wasn't that a two-year sentence couldn't be justified. It was that the district court had not complied with Rule 32 in so doing. And we'd submit that, in fact, the two-year sentence was justified because it had – this was Defendant's second alcohol-related offense within a little over a year while being on supervised release. So there was no finding that two years was an improper sentence? That's correct, Your Honor. It was at the top of the statutory maximum. The judge apparently doesn't like to give reasons because he didn't give any reasons for the 800 hours either, did he? No, Your Honor. He did not. So what do we do? Should we, you know, should we remand and ask him to give us reasons for that? This Court could, but we would submit that under the appropriate test for vindictiveness, the Court looks at the entire record, not simply to what the district court did or did not say. And we'd submit that here, you know, the threshold question is whether the essentially saying time served, the one year, plus two-year supervised release with 800 hours of community service is more severe than the two-year sentence initially imposed. And we would submit that it simply is not. One of the things that bothered me, and it's not on the record. Maybe you can help me on it. I had a little bit of concern because one of the reasons this was given by the defense was his mother needs help and he shouldn't be incarcerated. He can help his mother. Apparently she's disabled. So now the judge gives him 800 hours of community service. That's 800 hours, 80 days, is it? Or it's only 8 hours a day, 10 days? As I calculated, if he were to do it, it could be broken down into either 7 hours a week over the period of supervised release that remained, or if he chose to do it in sort of a 40-hour week, as if he were doing sort of full-time work, that would I think he still would have a significant amount of time. Like I said, he could choose. He could try and work with his probation officer to break it down in an appropriate schedule. You know, there wasn't a finding made as to the extent, and I think the district court was trying to respond to the defendant's request that he be allowed to care for his mother. He certainly could care for his mother. Well, he doesn't have to be able to work anywhere else for all that period of time. I think that's why the district courts simply set the requirement for the 2-year period of supervised release. It is a large number, but it is something that over 2 years could be done, could be worked around a work schedule, could be done to allow him to care for his mother. But it was attempting to reflect that this was a very serious offense to which he admitted a violation. It was a DUI. It was his second alcohol-related offense in a little over a year. He'd gone from public intoxication to a second, more severe offense DUI. And then as the probation officer mentioned in the first hearing, after a sentence had been imposed, she mentioned that she had not had a chance to note that he had, in fact, incurred a second DUI. So there was a real reason to impose some requirements simply beyond the supervised release so that the defendant could sort of take into account the seriousness of his actions. If the court has no further questions, I'm happy to submit. He could work on weekends, too. He could, Your Honor. He could work on the weekends. He could choose to work in the evening. Like we said, over 800 hours over a period of 2 years, we think it was reasonable. Thank you. All right. Thank you. We're going to take a brief recess. We're carrying this time. Don't go away. All rise for a moment of recess.
judges: Pregerson, Bea, Bright